# TRAYLOR v. FIRST NAT. BANK OF RATON.

[No. 2401.   Oct. 5, 1920.]

## SYLLABUS BY THE COURT.

Where the issue in a suit upon a promissory note and the issue upon a garnishment thereon, instituted at the same time,

are both submitted to a jury, the defendant in the suit on the promissory note issue has no right to separate trials for the two issues, nor to have a garnishment issue tried before the main issue; but the court may, in its discretion, direct separate verdicts to be returned by the same jury upon the two issues and further direct that the issues be tried at one and the same time.

Error to District Court, Colfax County; Leib, Judge.

Action by the First National Bank of Raton, against Edward M. Traylor. Judgment for plaintiff, and defendant brings error. Affirmed.

BICKLEY, KIKER & VOORHEES, of Raton, for plaintiff in error.

Was defendant entitled to separate trials? Western H. & I. Co. v. First Nat. Bank, 9 N. M. 1.

Was defendant entitled to have the issue in garnishment heard before that in main case? 2 Wade, Att. & Gar. 1; Longley Bros. v. McVann, 119 S. W. 268; Aetna Ins. Co. v. Evans, 49 South. 57; Eagleson v. Rubin, 100 Pac. 765; Stabb v. Hurst, 3 N. M. 248; Southern Calif. Fruit Ex. v. Stamm, 9 N. M. 361, 54 Pac. 345; Talbot v. Randall, 3 N. M. 365, 5 Pac. 537.

CRAMPTON, PHILLIPS & DARDEN, of Raton, for defendant in error.

Plaintiff in error was not entitled, as of right, to a jury trial on so-called issue raised by his denial set forth in application for garnishment. Sec. 4193, 4195, Code 1915; Seward v. D. & R. G. R. Co., 17 N. M. 557; Chaves v. Lucero, 13 N. M. 368, 6 L. R. A. (N. S.) 973; Stabb v. Hurst, 3 N. M. 208; Talbott v. Randell, 3 N. M. 365; New Mexico National Bank v. Brooks, 9 N. M. 113, 49 Pac. 947; Las Cruces Nat. Bank v. Wilson, 43 N. W. 153; Weibler v. Ford, 63 N. W. 1075; DeLaney v. Hartwig, 64 N. W. 1035; Gaffney v. Megrath, 63 Pac. 520; Kessler v. Frost, 175 Pac. 967.

There is no statute in this state which gives plaintiff in error the right to a trial by jury on an issue made up on a garnishment application, nor is there any statute

giving plaintiff in error the right to form an issue on such application as was done in this case. Such an issue may be raised by virtue of statute on an application for a writ of attachment, Sec. 4316, Code 1915. This provision, however, applies only to applications for writs of attachment. We are not greatly concerned, however, as to whether this was proper procedure but it is our understanding that, strictly speaking, in the absence of a statute to the contrary a motion to dissolve the garnishment on the ground that no facts existed at the time it was sued out authorizing the issuance of the writ, and that this so-called traverse of the application should be treated either as a motion or it should be ignored as in the Kansas case heretofore cited. Cohen v. Goodrum Tob. Co., 57 S. E. 974; 20 Cyc. 1126.

This court has never decided that on an issue of fact raised by a traverse under the statute on the application for a writ of attachment a trial by jury was a matter of right. Wearne v. France, 21 Pac. 703; Windt v. Baninzo, 26 Pac. 189; McComb v. Watt, 135 Pac. 361.

Plaintiff in error could not control the discretion of the court as to which issue should be tried first or to require the court to give him two juries in the case. Langly v. Conlay, 98 N. W. 1064; Childs v. Dobbins, 15 N. W. 849; Owen v. Western, 4 Atl. 801; Caswell v. Hopson, 47 S. W. 54; Hawkins v. Allbright, 70 Ill. 87.

OPINION OF THE COURT.

RAYNOLDS, J.   Plaintiff below, defendant in error here, sued to recover $859.60, with interest and attorney's fees, on a note executed by the plaintiff in error. The Bank of Springer was at the same time named as garnishee. An answer was filed to the complaint and a reply to the answer. Plaintiff filed an application for a writ of attachment, and the garnishee bank answered. Defendant also filed an answer to the application for the writ of garnishment, and to this answer plaintiff filed a reply. The garnishee bank admitted the possession of $1,854.12, the property of the defendant. The defend-

ant's answer to the application for garnishment denied the facts in said application. With the issues thus made up, after the jury had been impaneled, the defendant made the following motion:

"The defendant demands that a trial of the issues raised by the traverse of the plaintiff's affidavit in garnishment be tried separately from the issues in this case, raised by the answer filed to the plaintiff's complaint and reply filed to defendant's answer, and defendant further demands that the issues raised by the traverse of the affidavit in garnishment filed by the plaintiff be tried before the issue in the main case is tried."

The trial judge denied this motion in the following language:

"I will therefore deny the application for a separate trial but will submit both issues—that is, the issue on the main case and the issue on the garnishment to the jury—and have them render separate verdicts thereon."

The defendant excepted to the ruling of the court, and, electing to stand upon said motion, introduced no evidence at the conclusion of the plaintiff's case. The court, on motion of plaintiff, directed a verdict in his favor on the main case and also on the garnishment issue. Separate verdicts were returned by the jury as directed on both issues. From the judgment subsequently entered embodying both verdicts, this appeal is taken by the defendant. The garnishee bank did not appeal.

The plaintiff in error, defendant below, assigns error in the action of the trial court in: (1) Denying him the right to separate trials of the two issues: (2) denying him the right to have the garnishment issue tried before the main case.

The question is a narrow one and involves only the right to separate trials for these two issues and the order in which they should be tried. No question as to the right of jury trial in a case of this kind is involved; the point not being raised below and both parties apparently from the record acquiescing without objection, in the trial of the issues by a jury.

Our statutes relating to garnishment do not provide
any method or order in which the issues in garnishment
proceedings are to be tried.   Appellant contends, how-
ever, that, attachment and garnishment being similar
remedies, the procedure in attachment should be fol-
lowed.   Conceding, but not deciding, that the procedure
in attachment suits should be followed in garnishment
proceedings, we find that as to the methods and order of
trial the statutes on attachment are as follows:

"In all cases when properties or effects shall be attached,
defendant may within the time limited in the writ of attach-
ment, put in his answer, without oath, denying the truth of
any material fact contained in the affidavit, to which the plain-
tiff may reply; and trial of the truth of the affidavit shall be
had and on such trial the plaintiff shall be held to prove the
existence of the facts denied, as set forth in the affidavit as the
ground of attachment, and if the issue shall be found for
plaintiff, the cause shall proceed, but if it be found for the
defendant, the attachment shall be dismissed at the costs of
plaintiff."   Section 4316, Code 1915.

"In all cases commenced by attachment, in which the truth
of the affidavit for attachment or of any material allegation
therein contained shall be denied, and the issue thus formed
shall, upon the trial be found for the defendant, the attach-
ment shall be dismissed and all property, rights, effects and
credits held or affected thereby, or thereunder, shall be re-
leased and discharged from the operation thereof; but such
dismissal of the attachment shall not abate the suit, but the
same shall proceed as in ordinary cases."   Section 4326, Code
1915.

It will thus be seen that there is no statute which spe-
cifically requires the attachment or garnishment issue
shall be tried before the main issue, although the above
statutes, by inference, seem to indicate that course of
procedure.   The distinction between the cases contem-
plated by the statutes and the present one is apparent.
The statutes provide, inferentially, for trial of the at-
tachment or garnishment issue when it is made up and
ready for trial prior to the main issue, which is not
at that time ready for trial.   This is shown by the case
of Staab v. Hersch, 3 N. M. 209, 3 Pac. 248 cited
by the plaintiff in error.   There is no reason nor statu-
tory authority for this procedure when, as in this case,
both issues are made up and ready for trial.   In our

opinion both questions are matters within the discretion of the trial court and not subject to review unless such discretion is abused, which is not shown to be the case here. Our statute, Code 1915, § 2795, provides that the jury, at the request of either party, may be ordered to make special findings, and there is no valid reason why two issues cannot be submitted to the same jury as well as two separate findings of fact. As to the order in which these issues should be tried, that also is a matter in the discretion of the court, and unless some good reason is shown why they should be tried in a particular order, or that the manner is which they were tried has worked injustice, the decision of the trial court as to the order in which they should be tried is not reviewable.

Finding no error in the record, the case is therefore affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

#### SYLLABUS BY THE COURT.

